UNITED STATES, Appellee

v

DONALD A. BRONK, Seaman Recruit,
U. S. Navy, Appellant

17 USCMA 293, 38 CMR 91

No. 20,533

November 17, 1967

*Major L. G. Bohlen,* USMC, was on the pleadings for Appellant, Accused.
*Lieutenant Charles Freeland,* USNR, was on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused pleaded guilty to two specifications of absence without leave and one of breach of restriction, in violation, respectively, of Uniform Code of Military Justice, Articles 86 and 134, 10 USC §§ 886, 934. Although the bad-conduct discharge was imposable solely because the offenses were tried together and the permitted confinement extended to six months, the president did not state the basis for the additional penalty. Such was error and, under the circumstances of this case, it was prejudicial to fail to do so. United States v Yocom, 17 USCMA 270, 38 CMR 68, this day decided.

The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. The board may reassess

**293**

the sentence appropriately or order a rehearing thereon.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

In my opinion, the instructional omission presents no fair risk of prejudice to the accused.

The accused was charged with two unauthorized absences and breach of restriction. The first absence began on January 26, 1967, and terminated on February 24, 1967; the second absence began on February 27, 1967, and ended on March 19, 1967. At the time of the second absence, the accused was in restriction. From the record of previous convictions, it is apparent the accused committed the first of these offenses shortly after he was released from confinement. It is also apparent that the accused wanted the court-martial to include a discharge in the sentence. His counsel indicated that the accused insisted he make no argument on the sentence. Since the accused got "precisely that which" he himself wanted, I am unable to see how he was prejudiced by the instructional error. United States v Blunk, 17 USCMA 158, 161, 37 CMR 422.

I would affirm the decision of the board of review.